UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVAND WALLCE; RITA WALLACE,<br><br>Plaintiffs,<br><br>v.<br><br>BUCKINGHAM PROPERTY MANAGEMENT, etc.,<br><br>Defendants. | No. 2:20-cv-0501 TLN DB PS<br><br><br><br>ORDER |

Plaintiffs Cleveland Wallace and Rita Wallace are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiffs' complaint and motions to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1-3.) Therein, plaintiffs complain about a conspiracy involving defendants' property management company and several police departments.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiffs' complaint is deficient. Accordingly, for the reasons stated below, plaintiffs' complaint will be dismissed with leave to amend.

////

////

**I.      Plaintiffs' Application to Proceed In Forma Pauperis**

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that she is unable to pay such fees. 28 U.S.C. § 1915(a).

Plaintiff Cleveland Wallace's March 5, 2020 in forma pauperis application reflects that plaintiff receives $2,544 a month in income and has only $1,552 in monthly debts. (ECF No. 3 at 1-2.) In light of plaintiff's stated financial situation, the undersigned finds that plaintiff has failed to show that plaintiff is unable to pay the filing fees. Thus, plaintiff has made an inadequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims."). Although plaintiff Rita Wallace's application does make the necessary showing, filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis.

Moreover, even a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

////

2

1       The court must dismiss an in forma pauperis case at any time if the allegation of poverty is
2  found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a
3  claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See
4  28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or
5  in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
6  1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous
7  where it is based on an indisputably meritless legal theory or where the factual contentions are
8  clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).
9       To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
10 state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
11 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
12 true the material allegations in the complaint and construes the allegations in the light most
13 favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
14 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
15 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
16 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
17 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
18 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
19     The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

23 Fed. R. Civ. P. 8(a).

24 **II.    Plaintiffs' Complaint**

25     Review of plaintiffs' complaint finds that it fails to contain a short and plain statement of
26 a claim showing that plaintiffs are entitled to relief.
27 ////
28 ////

3

### A. Rule 8

Plaintiffs' complaint is full of vague and conclusory allegations. For example, the complaint alleges that plaintiffs "are threaten and terrorized by stalkers following plaintiffs everywhere." (Compl. (ECF No. 1) at 8.) That plaintiffs "are chased, assaulted, slandered and nuisance per se . . . are causing distress in plaintiffs' lives." (Id.) And that plaintiffs are subject to "constant break-ins, sabotage of plaintiffs' food which cause illness, theft and destruction of plaintiffs' property." (Id.) The complaint, however, does not articulate how any defendant engaged in this alleged wrongful conduct, assert a claim against a named defendant, or state the element of a claim plainly and succinctly.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

### B. Conspiracy

The complaint alleges in a vague and conclusory manner that the defendants have engaged in a "'Hub and Spoke' conspiracy." (Compl. (ECF No. 1) at 10.) The conspiracy seeks to "destroy plaintiffs' health, finances and social well being; by unlawful acts of burglary, maladies, stalking, violations of the Electronic Communications Privacy Act, conversion, sabotage of property, invasion of privacy and nuisance per se." (Id. at 6.)

Plaintiffs are advised that "[l]iability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy." Davenport v. Litton Loan Servicing, LP, 725 F.Supp.2d 862, 881 (N.D. Cal. 2010).

4

"[B]are assertion of conspiracy" and a "conclusory allegation of agreement at some unidentified point" will not suffice to state a cognizable claim under federal pleading standards. Twombly, 550 U.S. at 556–57; Davenport, 725 F.Supp.2d at 881 (plaintiff's conclusory allegation that defendants "agreed to hoodwink her with an unconscionable loan" did not state a cognizable conspiracy cause of action).

### C.     Failure to Investigate

The complaint alleges that the Williams Police Department, Colusa Sheriff's Department, Woodland Police Department, and Sacramento Police Department failed to respond to or investigate plaintiffs' multiple reports of unlawful acts. (Compl. (ECF No. 1) at 9-12.) However, "[t]he police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property." Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1045 (9th Cir. 1994).

### D.     Under Color of State Law

The complaint alleges that defendant Buckingham Property Management violated plaintiffs' constitutional rights. (Compl. (ECF No. 1) at 1.) However, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The allegations found in the complaint, however, fail to allege how Buckingham Property Management acted under color of state law. Instead, it appears that Buckingham Property

Management is simply a private corporation. (Compl. (ECF No. 1) at 9.) "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).

### III.    Leave to Amend

Because plaintiffs' complaint fails to state claim upon which relief can be granted the amended complaint must be dismissed. The undersigned has carefully considered whether plaintiffs may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiffs' complaint will therefore be dismissed, and plaintiffs will be granted leave to file an amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While

legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed March 5, 2020 (ECF No. 1) is dismissed with leave to amend.

2. Within sixty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED:  April 29, 2020                         /s/ DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.